1
2
3
4
5
6
7
8

9                    UNITED STATES DISTRICT COURT

10                   SOUTHERN DISTRICT OF CALIFORNIA

11

12   MOHAMMAD ZARE,                          Case No.:  3:26-cv-00840-RBM-SBC

13                              Petitioner,
                                             **ORDER DENYING MOTION TO**
14   v.                                      **APPOINT COUNSEL**

15   CHRISTOPHER LAROSE,,

16                              Respondents.

17

18

19          On February 9, 2026, Petitioner Mohammad Zare ("Petitioner"), proceeding *pro se*,

20   filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition").  (Doc. 1.)

21   Petitioner also requests that the Court "appoint 'FDSI' to fight for [his] habeas and submit

22   a petition for 'TRO.'"  (*Id.* at 8.)  The Court construes this request as a Motion to Appoint

23   Counsel.  Because there is insufficient information for the Court to resolve it, the Motion

24   to Appoint Counsel is **DENIED without prejudice**.  The Court will grant Petitioner leave

25   to file another motion to appoint counsel.

26          "Whenever the United States magistrate judge or the [C]ourt determines that the

27   interests of justice so require, representation may be provided for any financially eligible

28   person who . . . (B) is seeking relief under section 2241, 2254, or 2255 of title 28."

1

18 U.S.C. § 3006A(a)(2).  A "financially eligible person" is one who is "financially unable to obtain adequate representation in accordance with this section."  *Id.* § 3006A(a).  "In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved."  *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (citations omitted).

Here, Petitioner includes no information regarding whether he is financially unable to obtain adequate representation.  Nor does he represent that he is unable to articulate his claims without counsel.  Accordingly, the Motion to Appoint Counsel is **<u>DENIED without prejudice</u>**.  On or before **March 13, 2026**, Petitioner **MUST** either: (1) file a renewed Motion to Appoint Counsel addressing the deficiencies identified above; or (2) indicate that he wishes to proceed without counsel.

In light of the likelihood that potentially appointed counsel may file an amended Petition, the Court will not order a response to the Petition at this point.  The Court will issue a further order after it receives Petitioner's filing.

**IT IS SO ORDERED.**

DATE:  February 13, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE