UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

MOHAMMAD ZARE,

Petitioner,

v.

CHRISTOPHER LAROSE,

Respondent.

Case No.: 3:26-cv-00840-RBM-SBC

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

**[Doc. 1]**

Pending before the Court is *pro se* Petitioner Mohammad Zare's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition"). (Doc. 1.) After the Petition was fully briefed (*see* Docs. 2, 4), the Court ordered Respondent to file a supplemental status report regarding Petitioner's individual merits hearing. (Doc. 5.) Respondent timely filed a status report. (Doc. 6.)

In the status report, Respondent indicates that, at the merits hearing, the immigration judge denied Petitioner's applications for asylum and withholding of removal, but granted Petitioner's application for deferral or removal under the Convention Against Torture. (*Id.* at 1.) Accordingly, "the government concedes that this Court should order that Petitioner receive a bond hearing, where the government would bear the burden of proof of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight." (*Id.* at 2 (citing *Sadeqi v. LaRose*, 809 F. Supp. 3d 1090 (S.D. Cal. 2025); *Gao v. LaRose*, 805 F. Supp. 3d 1106 (S.D. Cal. 2025)).)

1

In light of Respondent's concession, the results of Petitioner's merits hearing, and the Court's previous orders concerning similarly-situated petitioners, *see Hussain v. LaRose*, Case No.: 3:26-cv-00194-RBM-MSB, 2026 WL 206715, at *2–4 (S.D. Cal. Jan. 27, 2026), the Court **GRANTS** the Petition (Doc. 1).

Respondent is **ORDERED** to arrange an individualized bond hearing for Petitioner before an immigration judge within **fourteen (14) days** of entry of this Order to determine whether his continued detention is warranted. Respondent shall bear the burden of establishing, by clear and convincing evidence,[1] that Petitioner poses a danger to the community or a risk of flight. If no hearing occurs **within fourteen (14) days** of entry of this Order, Petitioner shall be released from Respondent's custody. On or before **April 27, 2026**, Respondent **SHALL FILE** a status report indicating whether and when Petitioner received a bond hearing, and the outcome of that bond hearing.

**IT IS SO ORDERED**.

DATE: April 3, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

---

[1] *See Sadeqi*, 809 F. Supp. 3d at 1095 ("Petitioner is entitled to a prompt and individualized bond hearing, at which Respondents must justify her continued detention by a showing of clear and convincing evidence that Petitioner would likely flee or pose a danger to the community if released.") (citing *Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011), *abrogated on other grounds by Jennings v. Rodriguez*, 583 U.S. 281 (2018) (explaining that "the substantial liberty interest at stake" warranted placing the burden on the government to "prove by clear and convincing evidence that [a noncitizen] is a flight risk or a danger to the community to justify denial of bond").

2

3:26-cv-00840-RBM-SBC